**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEPHEN DENNIS BACA, JR.,

Plaintiff - Appellant,

v.

THOMAS A. BENNETT,

Defendant - Appellee.

No. 01-1104
(D.C. No. 00-WY-920-CB)
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Stephen Baca challenges the district court's decision to grant summary judgment to appellee Thomas Bennett on grounds of qualified immunity. We affirm.

In July 1996, a robbery was committed at Amoco service station in Arvada, Colorado. Witnesses described the participants as one white male, one Hispanic male, and one white female who drove the get-away vehicle, a gold-colored van with New Mexico plates. Bennett, an Arvada police officer, was assigned to investigate the robbery. Through research of the license plate and a subsequent witness identification, Bennett was able to identify William Earl Noble as the white male involved in the Colorado robbery. Additional investigation placed Bennett in contact with police in Bakersfield, California, who informed Bennett that Noble had robbed another convenience store in Bakersfield, using the same vehicle. There were two additional suspects in that robbery: Noble's wife, Carmelita Pacheco-Noble, and her sixteen-year-old son, Stephen Baca. The Bakersfield police told Bennett that Baca admitted to participating in the Colorado robbery.

Based on the above information, Bennett provided an affidavit supporting probable cause to arrest Baca for the Colorado robbery. Baca was extradited to Colorado and was taken into custody when he could not make bail. After three months, the district attorney decided to drop the charges against Baca because,

among other reasons, Baca had already served three years in California, Baca's mother had received essentially only probation for her participation in the Colorado robbery, and there were concerns regarding whether Baca's statements to the Bakersfield police were voluntary.

Following his release, Baca filed a complaint under 42 U.S.C. § 1983 alleging that Bennett violated his Fourth Amendment rights by making material, false statements in the affidavit supporting probable cause. In particular, while Bennett stated that Baca had confessed involvement in the Colorado robbery, transcripts of Baca's interview with Bakersfield police revealed that Baca had denied direct participation in the Colorado robbery, although he had admitted to being present and knowing about it ahead of time. Baca argues that he was arrested and held in custody as a result of Bennett's false statement, only to have the charges against him dropped when the district attorney discovered the true content of his statement to the Bakersfield police.

Bennett moved for summary judgment, and the district court granted the motion on grounds of qualified immunity. The district court concluded that Baca failed to show Bennett had intentionally or recklessly made false statements in the affidavit, and further concluded that other evidence supported a finding of probable cause even without the alleged false statement. We are not persuaded the district court erred.

"[G]overnment officials will not be liable for their conduct when performing discretionary functions unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Bruning v. Pixler*, 949 F.2d 352, 356 (10th Cir. 1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The standard for determining whether there has been a Fourth Amendment violation as a result of an allegedly false probable cause affidavit derives from a criminal case, *Franks v. Delaware*, 438 U.S. 154 (1978). *See Bruning*, 949 F.2d at 357 (applying *Franks* in civil rights action). In *Franks*, the Supreme Court held that to attack the validity of a warrant, "there must be allegations of deliberate falsehood or reckless disregard for the truth." 438 U.S. at 171. Moreover, there will be no violation "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." *Id.* at 171-72.[1]

Baca contends the false statement was material because the district attorney conceded he dropped the charges against Baca when he discovered that there were problems with Baca's statements to the Bakersfield police. Baca also relies

---

[1]  In his appellate brief, Baca appears to contest the applicability of this analysis, but cites no authority supporting this position.

on *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1990), for the proposition that where a police officer deliberately misleads a prosecutor, grand jury, or judge, the intervening decisions of those actors will not shield the officer from liability.

These arguments are not responsive to the district court's reasoning. In evaluating an officer's conduct in authoring a probable cause affidavit, the test of materiality is whether the false or omitted information was necessary to the determination of probable cause. *See United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997). Here, the other evidence outside of Baca's alleged confession (i.e., the witness description of the Colorado robbery in combination with the parallels between the Colorado and California robberies) was sufficient to support a finding of probable cause. The fact that subsequent revelations about the circumstances and content of Baca's statements to the Bakersfield police were one factor in persuading the district attorney to drop the charges does not imply that the earlier probable cause determination was unfounded. Furthermore, because there is no evidence that other actors made decisions based on Bennett's report of Baca's alleged confession, *Robinson* is inapposite.

Accordingly, we **AFFIRM** the judgment of the district court.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

-5-